Judge Hellerstein

**10 CIV 5685**

ROBERT E. SAPIR
COOPER, SAPIR & COHEN, P.C.
Attorneys for Plaintiff
560 Broadhollow Rd., Ste. 210
Melville, New York 11747
(631) 293-6061

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RECEIVED JUL 27 2010 U.S.D.C. S.D. N.Y. CASHIERS

------------------------------------------------------------x

SUSAN JOHNSTON,

        Plaintiff,      **COMPLAINT WITH JURY DEMAND**

 -against-

                  **DOCKET NO**:

VERIZON NEW YORK, INC.,

        Defendant.

------------------------------------------------------------x

## I. PRELIMINARY STATEMENT

1.  This is an action brought by plaintiff, Susan Johnston ("Johnston"), for legal, declaratory and injunctive relief under Title II of the Americans with Disabilities Act of 1990, 42 U.S.C. § 12131-34 ("ADA"), the New York State Human Rights Law, New York Executive Law § 296 ("New York State Human Rights Law"), the New York City Human Rights Law, New York Administrative Code § 8-101 et seq ("NYCHRL") and the Family Medical Leave Act of 1993, 29 U.S.C. § 2601 et seq. ("FMLA").

## II. JURISDICTION AND VENUE

2. The jurisdiction of the Court to adjudicate plaintiff's first claim is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 2201, this being a suit authorized and instituted pursuant to the ADA.

3. The jurisdiction of the Court to adjudicate plaintiff's second and third claims is invoked pursuant to 28 U.S.C. § 1367(a), as they are related to plaintiff's first claim and that they form a part of the same case or controversy.

4. The jurisdiction of the Court to adjudicate plaintiff's fourth claim is invoked pursuant to 29 U.S.C. § 2617 (a) (2), this being a suit authorized and instituted pursuant to the FMLA.

## III. VENUE

5. The unlawful employment practices alleged below were committed within the City of New York, State of New York. Accordingly, venue lies in the United States District Court for the Southern District of New York under 28 U.S.C. § 1391 (b).

## IV. PARTIES

6. Plaintiff Johnston is a citizen of the United States and is a resident of Floral Park, New York.

7. Defendant Verizon, New York, Inc. ("Verizon") is a corporation doing business in the City and State of New York with offices at 140 West Street, New York, New York. Upon information and belief, Verizon employs in excess of 500 employees.

## V. STATEMENT OF FACTS

8. Johnston was employed by Verizon since November, 1982 until her termination on August 1, 2007.

9. During the course of her employment, Johnston worked in Verizon's Human Resources Department ("HR") and received satisfactory evaluations, promotions and salary increases.

10. Beginning in or around January, 2007, Johnston suffered from depression and developed a dependency on alcohol.

11. On or about April 19, 2007, Johnston was approved for intermittent FMLA leave for the period March 6, 2007 through March 21, 2007.

12. Johnston's immediate supervisor, Donna Barone ("Barone") suspected that Johnston had an alcohol problem and advised the Director of Human Resources, Francesca Smith ("Smith") of these circumstances.

13. On or about June 5, 2007, Johnston, through Verizon's Employee Assistance Program ("EAP") entered an outpatient alcohol rehabilitation program at Seafield Center, with the knowledge of Barone and Smith. She remained in the outpatient program until September 10, 2007, after her discharge from inpatient care.

14. MetLife, Verizon's benefit administrator for its short term disability programs, initially approved Johnston for disability from May 14 to July 22, 2007.

15. Notwithstanding MetLife's actions, Verizon denied Johnston's request for FMLA leave during this same period.

16. On or about June 28, 2007, Barone advised Smith that Johnston could not be disciplined for attendance or performance.

17. On July 24, 2007, Johnston entered inpatient rehabilitation at Seafield Center's Westhampton Beach, New York facility.

18. Prior to entering the inpatient program, Johnston, on July 19, 2007, advised Barone that she was ill, that she was under medical treatment and that she would not be coming in to work. Johnston also told Barone that her doctor would be providing updated information to MetLife.

19. On July 24, 2007, Johnston spoke to a MetLife representative and advised her that she would be going into inpatient treatment for alcoholism at Seafield Center on that date.

20. The social worker for Seafield's Outpatient Care also called MetLife on July 24, 2007 and advised them that Johnston would be starting inpatient care that day.

21. While in inpatient care, Johnston was not permitted to receive telephone calls and was restricted in her ability to make outgoing calls.

22. Johnston remained in inpatient care until August 15, 2007.

23. On August 1, 2007, without any prior communication with Johnston by either Barone or Smith, Smith sent Johnston a letter stating that she had abandoned her job and was removed from the payroll.

24. Such letter falsely stated that Barone had advised Johnston that she needed to provide MetLife with additional medical documentation prior to July 23 or she "would be considered absent without leave and have abandoned your job".

25. Upon information and belief, Verizon's actions in terminating Johnston's employment for job abandonment was pretextual and contrary to its own rules, regulations, policies and advisories.

26. It was only upon her completion of the inpatient rehabilitation program and her release from Seafield, that Johnston became aware of her termination.

27. Johnston contacted her supervisor and explained the circumstances of her absence.

28. Verizon, nonetheless, refused to rescind Johnston's termination.

29. Verizon further evidenced its disparate and discriminatory treatment of Johnston by refusing to pay her for thirty (30) accumulated vacation days.

30. MetLife determined that Johnston's disability continued throughout this relevant period.

31. Johnston timely filed a complaint with the New York State Division of Human Rights ("State Division") and the Equal Employment Opportunity Commission ("EEOC").

32. On December 7, 2009, the State Division found probable cause that Verizon had discriminated against Johnston.

33. On May 3, 2010, the EEOC issued plaintiff a "Right to Sue" letter. (annexed hereto as Plaintiff's Exhibit 1).

34. At all times relevant herein, Johnston was in treatment for alcohol abuse, successfully completed such treatment and no longer abuses alcohol.

35. At all times relevant herein, Johnston's depression and alcohol abuse interfered with major life activities.

36. At all times relevant herein, Johnston's depression and alcohol abuse represented a serious illness or disability.

37. Verizon's actions in refusing Johnston FMLA leave, and discriminating against her based upon her disabilities were wanton, willful, and in patent disregard of her rights.

## VI.   AS AND FOR A FIRST CLAIM

### ADA, TITLE II

38. Johnston repeats and realleges the allegations contained in paragraphs "1" through "2" and "5" through "37" as if fully set forth herein.

39. Johnston, at all times relevant herein, was a "qualified" individual with a "disability", within the meaning of Title II of the ADA.

40. As a result of Verizon's discriminatory actions, Johnston has suffered, and continues to suffer, a loss of wages and benefits and is entitled to damages thereby.

41. Johnston has suffered personal injuries including, but not limited to, emotional distress, humiliation, mental anguish and loss of enjoyment of life as a result of Verizon's unlawful discrimination, and is entitled to compensatory damages.

42. Verizon's actions were wanton, willful and in patent disregard of Johnston's rights, and Verizon should be punished by the payment of punitive damages.

## VII.   AS AND FOR A SECOND CLAIM

### NEW YORK STATE HUMAN RIGHTS LAW

43. Johnston repeats and realleges the allegations contained in paragraphs "1", "3", and "5" through "37" as if fully set forth herein.

44. At all times relevant herein, Johnston had a disability within the meaning of the New York State Human Rights Law, New York Executive Law §§ 292 (21) and 296.

45. At all times relevant herein, Johnston was qualified to perform the essential functions of her position.

46. As a result of Verizon's discriminatory actions, Johnston has suffered, and continues to suffer, a loss of wages and benefits and is entitled to damages thereby.

47. Johnston has suffered personal injuries including, but not limited to, emotional distress, humiliation, mental anguish and loss of enjoyment of life as a result of Verizon's unlawful discrimination, and is entitled to compensatory damages.

### VIII.  AS AND FOR A THIRD CLAIM

### NEW YORK CITY HUMAN RIGHTS LAW

48. Johnston repeats and realleges the allegations contained in paragraphs "1", "3", and "5" through "37" as if fully set forth herein.

49. At all times relevant herein, Johnston had a disability within the meaning of the New York City Human Rights Law §§ 8-102.16(a), (b) and (c), and 8-107.1(a).

50. At all times relevant herein, Johnston was qualified to perform the essential functions of her position.

51. As a result of Verizon's discriminatory actions, Johnston has suffered, and continues to suffer, a loss of wages and benefits and is entitled to damages thereby.

52. Johnston has suffered personal injuries including, but not limited to, emotional distress, humiliation, mental anguish and loss of enjoyment of life as a result of Verizon's unlawful discrimination, and is entitled to compensatory damages.

53. Verizon's actions were wanton, willful and in patent disregard of Johnston's rights, and Verizon should be punished by the payment of punitive damages.

### IX.  AS AND FOR A FOURTH CLAIM

### FAMILY MEDICAL LEAVE ACT OF 1993

54. Johnston repeats and realleges the allegations contained in paragraphs "1", "4", and "5" through "37" as if fully set forth herein.

55. At all times relevant herein, Johnston suffered from a serious health condition within the meaning of the Family Medical Leave Act of 1993 §§ 101(11) and 102 (a)(1).

56. As a result of Verizon's willful and illegal actions, Johnston has suffered, and continues to suffer, a loss of wages and benefits and is entitled to damages thereby.

### X.   PRAYER FOR RELIEF

57. Johnston respectfully requests this Court to:

   1. Assume jurisdiction over this action;

   2. Grant a permanent injunction prohibiting Verizon from continuing or maintaining a policy, practice and/or custom of denying, abridging, withholding or conditioning the rights of employees on the basis of disability which rights are secured by Title II of the Americans with Disabilities Act of 1990, the New York State Human Rights Law, the New York City Human Rights Law and the Family Medical Leave Act of 1993, and from retaliating against plaintiff for bringing this action;

   3. Reinstate Johnston to her prior position *nunc pro tunc*; and

   4. Award Johnston the following damages:

      ### ON THE FIRST CLAIM

      A. Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest from August 1, 2007;

B.     Compensatory damages in an amount to be determined at trial for humiliation, mental anguish and emotional distress sustained by her;

C.     Punitive damages, in an amount to be determined at trial.

## ON THE SECOND CLAIM

A.     Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest from August 1, 2007;

B.     Compensatory damages in an amount to be determined at trial for humiliation, mental anguish and emotional distress sustained by her;

## ON THE THIRD CLAIM

A.     Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest from August 1, 2007;

B.     Compensatory damages in an amount to be determined at trial for humiliation, mental anguish and emotional distress sustained by her;

C.     Punitive damages, in an amount to be determined at trial.

## ON THE FOURTH CLAIM

A.     Actual damages for loss of wages and benefits, in an amount to be determined at trial, plus interest from August 1, 2007;

B. Liquidated damages equal to the amount of actual damages suffered by Johnston.

### ON ALL CLAIMS

A. Award Johnston the costs of this action, together with her reasonable attorneys' fees;

B. Grant plaintiff such other and further relief as may be deemed necessary, just and proper by this Court.

### XI. JURY DEMAND

Johnston demands a trial by jury of all issues in this action properly triable before a jury.

Dated: Melville, New York
July 26, 2010

                COOPER, SAPIR & COHEN, P.C.

                By: _____
                ROBERT E. SAPIR
                Attorneys for Plaintiff
                Office and P.O. Address
                560 Broadhollow Road, Suite 210
                Melville, New York 11550(
                (631) 293-6061